UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, DEATH VALLEY NATIONAL PARK, NATIONAL PARK SERVICE, UNKNOWN PARK RANGER AGENTS 1 and 2, and DOES 1–25,<br><br>Defendants. | No. 1:16-cv-01811-DAD-JLT<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(Doc. No. 11) |

Plaintiff filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on December 1, 2016, alleging various constitutional and tort violations in connection with his arrest in Death Valley National Park by two unidentified park rangers. (Doc. No. 1.) On May 26, 2017, defendant United States moved to dismiss the third, fourth, and fifth causes of action alleged by plaintiff, which are, respectively, false imprisonment, battery, and intentional infliction of emotional distress claims against the United States under the Federal Tort Claims Act. (Doc. No. 11-1.) Argument on the motion was heard on September 6, 2017, with Assistant U.S. Attorney Alyson Berg appearing on behalf of defendant United States. Plaintiff filed a belated notice of non-opposition and request to amend

/////

1

his complaint[1] on September 1, 2017 (Doc. No. 20), and appeared telephonically on his own behalf at the hearing. For the reasons set forth below, the court will grant the pending motion to dismiss.

**BACKGROUND**

In his complaint, plaintiff alleges as follows. On February 20, 2016, plaintiff and two friends travelled to Death Valley National Park to photograph the "super-bloom" of wildflowers. (Doc. No. 1 at ¶ 11.) Plaintiff drove his car and the group parked legally along the side of the road near Badwater Basin. (*Id.* at ¶ 12.) When plaintiff returned to his car, two park rangers were nearby and asked the group who owned the car and for their identification. (*Id.* at ¶ 13.) After he identified himself as the owner, the rangers proceeded to handcuff plaintiff behind his back and search him, taking away his phone, wallet, shoes, and socks. (*Id.* at ¶ 14.) The rangers did not explain, despite requests from plaintiff, why plaintiff was being detained. (*Id.*) However, plaintiff was eventually told he was being detained because he had an outstanding traffic warrant in Los Angeles, which plaintiff protested was incorrect. (*Id.* at ¶ 16.)

Immediately after being handcuffed, and for the subsequent two hours he was handcuffed, plaintiff complained to the rangers that he was experiencing pain because his "shoulder was slipping"[2] as a result of the positioning of the handcuffs. (*Id.* at ¶ 17.) Plaintiff repeatedly asked the officers to loosen the handcuffs, place the restraints in front of his body, or find another way to secure him to relieve the pressure on his shoulder, but the officers refused to do so. (*Id.*) Plaintiff was held in this manner for two hours, before different park rangers arrived and handcuffed him in a manner that allowed him, at that point, to "push his shoulder back into place using the officer's car." (*Id.* at ¶ 18.) Plaintiff was never given *Miranda* warnings or told he was under arrest. (*Id.* at ¶ 19.) Some hours later, plaintiff was released to the Inyo County Sheriff's

---

[1] As explained at the hearing, because plaintiff's request to amend his complaint was submitted more than twenty-one days after the filing of the pending motion, plaintiff had no right to amend his complaint as a matter of course, and the motion to dismiss remained on calendar. *See* Fed. R. Civ. P. 15(a).

[2] Plaintiff was unable at oral argument to define precisely what he meant by this allegation, while suggesting a dislocation.

2

1    Department, who transported him to the Inyo County Jail. (*Id.* at ¶ 20.) The park rangers told the
2    Inyo County Sheriff's Department deputies that plaintiff had an outstanding arrest warrant for an
3    assault with a weapon charge and that bail on that charge was set at $1.5 million. (*Id.* at ¶ 45.)
4        Plaintiff alleges that the manner in which he was restrained caused injury to his shoulder
5    and that the park rangers refused to remedy the damaging position in which he was restrained
6    despite his repeated requests, causing him to incur medical expenses. (*Id.* at ¶¶ 17, 23, 25.)
7    Plaintiff has alleged two constitutional claims—for excessive force and an unreasonable search
8    and seizure—under *Bivens* against the individual park rangers, whose identity he does not know.
9    (*Id.* at ¶¶ 28–42.) Additionally, plaintiff brings four claims against the United States under the
10   Federal Tort Claims Act ("FTCA") for false imprisonment, battery, intentional infliction of
11   emotional distress, and negligence. (*Id.* at ¶¶ 43–67.) Plaintiff seeks both compensatory and
12   punitive damages.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed

factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

# ANALYSIS

Plaintiff's complaint alleges six different causes of action. (Doc. 1 at 1.) Defendant United States clarified at the hearing that it has moved solely for dismissal of the third through fifth causes of action.[3] The first two causes of action are alleged solely against the individual park rangers, whose identities are unknown to plaintiff and who have not appeared in this case.[4] For the reasons set forth below, the court will grant the pended motion to dismiss and also grant plaintiff leave to file an amended complaint.

/////

---

[3] It was unclear from the moving papers whether defendant United States also sought dismissal of the sixth cause of action. (Doc. No. 11-1 at 1, n.1.)

[4] Perhaps unsurprisingly, neither of these park rangers has been served. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). At the hearing on the pending motion, plaintiff indicated that he believed the United States Attorneys' Office would accept service on behalf of the unknown park rangers. He also indicated he hoped to receive discovery in order to identify these individuals. Plaintiff has not, however, filed a motion with the court seeking leave to conduct early discovery in order to identify and serve the unknown park rangers. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants."); *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016); *Ingenuity13 LLC v. Doe*, No. 12-cv-1843-MMA (JMA), 2012 WL 4108885, at *1 (S.D. Cal. Sept. 17, 2012); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Therefore, in accordance with Rule 4, plaintiff must serve the park rangers within the time the court allots him to amend his complaint, as set out below, or face dismissal of these individual defendants from this action.

### A. False Imprisonment

Defendant argues that plaintiff has failed to allege sufficient facts to state a claim for false imprisonment. (Doc. No. 11-1 at 9.) The court agrees. Under California law,[5] the tort of false imprisonment "consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994) (internal quotations omitted). The restraint may be as short as fifteen minutes, and may be accomplished "by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." *Id.* (quotations omitted); *see also Scofield v. Critical Air Med., Inc.*, 45 Cal. App. 4th 990, 1001–02 (1996). Plaintiff need not show that the defendants intended to cause harm through the confinement, only that they intended to confine him. *Id.* at 715–16. Crucially, the confinement must be "without lawful privilege." *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997) ("By contrast, malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause.") (internal quotations and citations omitted); *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 753 (E.D. Cal. 2008) ("Where however the arrest is made with a warrant it is necessary to allege its unlawfulness by pleading the facts constituting the invalidity of the legal process."); *Collins v. City & Cty. of San Francisco*, 50 Cal. App. 3d 671, 677 (1975).

In this case, plaintiff does not dispute that there was a warrant for his arrest, nor does he allege facts from which it could be concluded that warrant was invalid or unlawful in some manner. Instead, the complaint suggests the warrant was valid, regardless of the crime for which the warrant was actually issued. (Doc. No. 1 at ¶ 16 (alleging plaintiff was told "he had an outstanding traffic warrant in Los Angeles"), ¶ 45 (alleging the park rangers told the Inyo County Sheriff's Department that the warrant was for an assault with a weapon "when the underlying

---

[5] In cases proceeding under the FTCA, federal courts are to look to "the law of the place where the act or omission occurred" in determining the government's liability. *Richards v. United States*, 369 U.S. 1, 9–10 (1962); *Tekle v. United States*, 511 F.3d 839, 853 (9th Cir. 2007) ("Generally, however, in assessing the United States' liability under the FTCA, we are required to apply the law of the state in which the alleged tort occurred.") (internal quotations and brackets omitted).

offense turned out to be for an expired vehicle registration").) Plaintiff acknowledged that this was the case at the hearing on the pending motion. Since plaintiff alleges he was detained pursuant to a lawful warrant, he cannot state a cognizable claim for false imprisonment. *Asgari*, 15 Cal. 4th at 757; *Garcia*, 637 F. Supp. 2d at 753.

**B.     Battery**

Defendant argues plaintiff has failed to allege sufficient facts to support a claim for battery. (Doc. No. 11-1 at 9–10.) In its motion, defendant acknowledges a plaintiff may state a battery claim against a law enforcement officer in California if they can allege facts showing the use of unreasonable force. *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1129 (9th Cir. 2010) ("Under California law, a plaintiff bringing a battery claim against a law enforcement official has the burden of proving the officer used unreasonable force."); *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008) (holding "we cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct," and therefore a common law battery claim "requires proof that [the officer] used unreasonable force"); *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). Accordingly, the court turns to Fourth Amendment law.

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985); *Smith v. Clark County*, 828 F.3d 910, 920 (9th Cir. 2016). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the *Graham* factors.'" *Liston v. Cty. of Riverside*, 120 F.3d 965, 976 (9th Cir. 1997) (quoting *Alexander v. City & Cty. of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994)); *see also Headwaters Forest Defense v. Cty. of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002). Thus, in light of the facts and circumstances surrounding a law enforcement officer's actions, courts "must balance the nature of the harm and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) (citations and internal quotations omitted); *see also Scott v. Harris*,

550 U.S. 372, 383–84 (2007); *Smith*, 828 F.3d at 920; *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *Deorle v. Rutherford,* 272 F.3d 1272, 1280 (9th Cir. 2001); *Liston*, 120 F.3d at 976. "Force is excessive when it is greater than is reasonable under the circumstances." *Santos*, 287 F.3d at 854 (citing *Graham*, 490 U.S. 386). Accordingly,

> [a]lthough it is undoubtedly true that police officers are often forced to make split-second judgments, and that therefore not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers is a violation of the Fourth Amendment, it is equally true that even where some force is justified, the amount actually used may be excessive.

*Id.* at 853 (citations and internal quotations omitted); *see also Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2013); *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).

A non-exhaustive list of the circumstances considered in determining whether excessive force was used includes: (1) the severity of the crime alleged to be committed or in the process of commission; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether the suspect is actively resisting arrest or attempting to flee. *Graham*, 490 U.S. at 396; *Smith*, 828 F.3d 920; *Lal v. California*, 746 F.3d 1112, 1117 (9th Cir. 2014); *Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002). A reasonableness inquiry must be objective and "without regard to the officer's good or bad motivations or intentions." *Billington*, 292 F.3d at 1184. Further, reasonableness is to be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and should allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* Officers are not required to "'avail themselves of the least intrusive means of responding' and need only act 'within that range of conduct we identify as reasonable.'" *Id.* at 1188–89 (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)).

The manner in which an individual is handcuffed may amount to the excessive use of force under some circumstances. *See Wall v. Cty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) ("It is well-established that overly tight handcuffing can constitute excessive force."); *Nyla Moujaes v. San Francisco City & Cty.*, No. 15-cv-03129-DMR, 2016 WL 4702671, at *7 (N.D.

Cal. Sept. 8, 2016) ("[A]n officer may be liable for excessive force if he or she handcuffs a suspect in a tight or painful manner and ignores complaints of pain."). However, here plaintiff's complaint contains insufficient factual allegations in support of a claim of excessive use of force, and therefore a claim of battery. Importantly, according to plaintiff's complaint the injury the handcuffing purportedly caused here was that it forced his shoulder to start "slipping." (Doc. No. 1 at ¶ 17.) This factual allegation is simply too vague to suffice for pleading purposes. In response to the court's questions, plaintiff clarified at the hearing that he believes his shoulder was temporarily or partially dislocated, that the manner in which he was handcuffed ultimately caused a torn rotator cuff, and that he was forced to have a subacromial decompression.[6] However, these factual allegations do not appear in his complaint. The court will therefore grant defendant's motion to dismiss plaintiff's battery claim but, as discussed further below, also grant plaintiff leave to amend in order to add such factual allegations in a first amended complaint.

### C. Intentional Infliction of Emotional Distress

Defendant argues plaintiff's claim for intentional infliction of emotional distress should be dismissed because plaintiff has failed to allege sufficient facts to support it. (Doc. No. 11-1 at 10.) Specifically, defendant argues that the actions alleged are insufficiently outrageous to constitute the required "outrageous conduct." (*Id.*)

A claim for intentional infliction of emotional distress requires a plaintiff to allege and establish, among other elements, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress." *Ravel v. Hewlett-Packard Enterprise, Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)); *see also Wilkins v. National Broad. Co., Inc.*, 71 Cal. App. 4th 1066, 1087 (1999). While this element of such a claim is commonly seen as a factual issue, *see Yun Hee So v. Sook Ja Shin,* 212 Cal. App. 4th 652, 672 (2013), the court may, in certain instances, conclude the specific conduct alleged is insufficiently outrageous to support a claim for intentional infliction of emotional distress as a matter of law, *see Davidson v. City of*

---

[6] A subacromial decompression is a surgical procedures used to treat shoulder impingements.

8

1 *Westminster*, 32 Cal. 3d 197, 210 (1982). Here, given the vagueness of the central allegation—that the handcuffing caused the plaintiff's shoulder to start "slipping"—the court also finds plaintiff's intentional infliction of emotional distress claim is insufficiently pleaded. Accordingly, it too will be dismissed with leave to amend.

### D. Leave to Amend

"Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to 'freely give leave [to amend] when justice so requires.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Here, it became apparent at the hearing on the pending motion to dismiss that plaintiff had additional facts he could plead to attempt to state a claim and further clarify his allegations. In fact, plaintiff filed a statement of non-opposition to the motion to dismiss, noting that he wished to amend his complaint. (Doc. No. 20.) Additionally, plaintiff advised the court at oral argument that he anticipated retaining counsel shortly, and the docket now reflects that counsel recently substituted into the case on plaintiff's behalf. (*See* Doc. No. 25.) Given all of this, the court finds that leave to amend should be granted with respect to plaintiff's claims of battery and intentional infliction of emotional distress. Because plaintiff affirmed at the hearing that there was a valid warrant for his arrest, leave to amend will not be granted as to his false imprisonment claim. Therefore, plaintiff may file a first amended complaint[7] within **thirty (30) days** of this order or indicate to the court that he wishes to proceed

/////
/////
/////
/////

---

[7] The court is aware that plaintiff lodged a first amended complaint in advance of the hearing on the motion to dismiss. (Doc. No. 21.) As explained at the hearing, the motion remained on calendar for hearing because the time in which to file an amendment as a matter of right had passed and plaintiff had neither sought nor been granted leave to amend by the court. *See* Fed. R. Civ. P. 15(a)(2). The court has reviewed plaintiff's lodged first amended complaint, and notes it would not remedy the deficiencies noted by the court in this order. Because the court believes plaintiff should have the benefit of the court's reasoning as expressed above in drafting a first amended complaint, his lodged first amended complaint will not be deemed filed. Plaintiff may file a first amended complaint in accordance with this order within thirty (30) days.

9

solely on his sixth cause of action for negligence, which defendant did not move to dismiss.[8]

Should plaintiff elect to amend his complaint here, his filing should be labeled as his first amended complaint. Plaintiff is also advised that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Once an amended complaint is filed, the original pleading no longer serves any function in the case.

For all of the reasons stated above:

1. Defendant's motion to dismiss (Doc. No. 11) is granted;
2. Defendant's motion to strike punitive damages under Rule 12(f) is denied; and
3. Plaintiff shall file either an amended complaint or a notice to proceed solely on his remaining claim of negligence within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated: **October 3, 2017**

UNITED STATES DISTRICT JUDGE

---

[8] Defendant also moved to strike plaintiff's request for punitive damages in connection with plaintiff's third through fifth causes of action, arguing that punitive damages are not recoverable against the United States as a matter of law. (Doc. No. 11-1 at 11.) "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit, however, has held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). Rather, such a claim must be brought and argued under Rule 12(b). *Id.* at 974, 975 n.2. While a district court is permitted to *sua sponte* dismiss a claim under Rule 12(b)(6), it may only do so after providing the plaintiff with "an opportunity to at least submit a written memorandum in opposition to such motion." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335–36 (9th Cir. 2015) (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)). The court declines to consider whether dismissal of plaintiff's punitive damages claim is appropriate under Rule 12(b)(6) *sua sponte*. Defendant's motion to strike will therefore be denied.