# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01811 - DAD - JLT<br><br>ORDER DENYING STIPULATION TO AMEND CASE SCHEDULE<br>(Doc. 73) |

The parties have stipulated to amend the case schedule yet again. (Doc. 73) This is the third time (Docs. 65, 69, 73), the last of which was filed two weeks before the current one. The Court has been sympathetic to misfortunes that have befallen plaintiff's counsel, but these misfortunes can no longer be permitted to interfere with the prosecution of this case. Moreover, counsel offer no explanation why, when they filed their stipulation two weeks earlier, they failed to appreciate that they wanted to talk about settlement or that the plaintiff could not afford to pay experts. These are circumstances that should have been known to them from the inception of the case.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate

1

case management problems.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end.

Johnson, at 609.  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. The stipulation utterly fails to demonstrate good cause. Thus, the Court **ORDERS**:

1. The stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated: **April 11, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

2