# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01811 - DAD - JLT<br><br>ORDER AFTER INFORMAL CONFERENCE RE: DISCOVERY DISPUTE<br>(Doc. 76) |

The Court held an informal telephone conference regarding two disputes raised by plaintiff's counsel, Mr. Knickerbocker. Taken in reverse order, Mr. Knickerbocker complains that the court reporter has refused to provide him "an electronic, non-downloadable[1], version of [two] deposition transcripts" to allow two witnesses to review them and to make changes, if necessary. Mr. Knickerbocker states that the court reporter's refusal has thwarted the witnesses' ability to conduct the review.

Mr. Frueh reported that the Court reporter has offered to provide a hard-copy of the transcript to a location convenient to the witnesses for their review and, indeed, has offered to provide the original transcript to Mr. Knickerbocker to assist in the review with one witness, Mr. Henderson. Mr. Frueh contends that the dispute concerns only Mr. Knickerbocker's unwillingness

---

[1] Despite inquiry at the conference, the Court *still* is not clear as to exactly what "an electronic, non-downloadable" copy of the transcript is. Mr. Knickerbocker suggested this could mean a CD with the document in ASCII format. Exactly how that would allow review, was never explained.

1

to pay the court reporter for a copy of the transcript and wishes the electronic copy, so he can avoid paying the fee.

At this time, the Court cannot know which of these versions is correct but noted at the conference and does so again here, that there is no indication that the defendant has failed in any respect related to the transcripts, and it appears the Court lacks jurisdiction over the court reporter. Finally, if, in fact, this is an effort to avoid paying the court reporter for his/her work, the Court will have little sympathy to a motion to force the reporter to do anything absent payment of the fee. Because the facts are disputed, however, the plaintiff may file his motion to compel related to the actions of the court reporter. Such a motion will be entertained **only** upon a showing that the Court has jurisdiction over the court reporter **and** that this is not an effort to deny payment to the court reporter.

As to the second issue, Mr. Knickerbocker complains that the defense's expert has failed to provide documents, such as the documents upon which the expert relied and copies of articles written by the expert, along with his report. Notably, Fed.R.Civ.P 26 (a)(2)(B) speaks only to "exhibits" upon which the expert will rely when describing the documents the expert must produce along with the report. Fed.R.Civ.P.(a)(2)(B)(iii). Mr. Frueh reported that the expert will not rely upon any exhibits and, consequently, the expert did not produce the exhibits. Thus, the plaintiff has not shown that the expert's report fails to comply with the Rule and the claim that a discovery "dispute" exists, is unfounded.

Finally, during the conference, Mr. Knickerbocker complained that the defendants failed to respond to discovery propounded sometime in the fall of 2018. This verbal complaint was the first time he had mentioned this to Mr. Frueh. Thus, the Court declined to address this situation. If there is a true dispute, Mr. Knickerbocker SHALL engage in a meaningful meet-and-confer conference with his opponent.

///

If this fails to satisfy the plaintiff, counsel SHALL seek an informal conference with the Court at which the Court will determine whether to authorize the plaintiff to file a motion to compel.[2]

IT IS SO ORDERED.

    Dated: **April 24, 2019**             **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

---

[2] In making these statements, the Court makes no comment as to the timeliness of such a motion but expresses concern that Mr. Knickerbocker admitted the responses were due in October 2018.