# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01811 - DAD - JLT<br><br>ORDER AFTER INFORMAL CONFERENCE RE: DISCOVERY DISPUTE<br>(Doc. 76) |

    The Court held an informal telephone conference regarding responses to a production request served in December 2017.

    As to requests number 7 and 8, despite that the defense noted in its responses that a privilege log would be provided, defense attorney, Mr. Frueh, reported that no privilege is asserted, and no documents were withheld on this basis.

    As to request number 10, Mr. Frueh acknowledged that the defendants' expert's report reads as though the expert's opinion will rely upon the experience, training and past employment of the officers, that is not the case and he will not offer any opinion in this regard. Rather, the expert will opine *only* as to how a reasonably well-trained officer would respond. Despite that the expert's report was the sole basis for the plaintiff's claim for the evidence, at the hearing, his counsel, Mr. Knickerbocker, then stated he needed the information to prove the negligence claim or the *Bivens* claim. The Court pointed out that compliance with or failure to comply with a policy

1

does not determine liability of the officers or exonerate them from liability, but this also did not resolve the matter. Likewise, the Court was at a loss how this evidence bears on the questions presented in this case and it received no satisfactory explanation.

As to requests 10, 11 and 12, the Court agreed with the defense that the requests are quite broad and seem not be tied to the facts of this case.  For example, though request number 11 requests information about the polices for officers when detaining a person with disabilities, the plaintiff here <u>did not have a disability</u>.  Rather, he claims he suffered an injury during the contact with the officers.  The plaintiff's attorney asserted that the officers should have restrained him differently due to the obvious injury and he wishes to discover the policies and procedures that govern restraint of injured detainees.  However, the Court is permitted to enforce only the discovery requests actually propounded; not those a party wish he had propounded.

In any event, counsel were unable to reach a compromise as the requests.  Thus, as to requests 10, 11 and 12 only, the plaintiff may file a motion to compel as set forth in Local Rule 251, no later than May 21, 2019.  If he chooses to proceed with the motion, the plaintiff SHALL address the timeliness of the motion, given his delay in seeking relief for more than a year, and should address specifically the objections raised by the defense.

IT IS SO ORDERED.

Dated: **May 9, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE