UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No.  1:16-cv-01811-DAD-JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. No. 110 at 13 n.5) |

On March 24, 2020, the court issued an order granting the motion for summary judgment filed by defendants United States of America, Park Service Ranger Nicole Gruver, and Park Service Ranger Brian Drew (collectively, "defendants"). (Doc. No. 110.) The court found that plaintiff's claims—that the rangers used excessive force in handcuffing him and that they unlawfully seized him in violation of his Fourth Amendment rights, as well as his related state law claims—failed as a matter of law. (*See id.* at 6–20.) In so holding, the court found that plaintiff's claims were "blatantly contradicted by the body camera video footage before the court on summary judgment." (*Id.* at 12.)

In an earlier order denying defendants' motion to dismiss plaintiff's complaint, the court had "strongly encouraged [plaintiff's counsel] to view the video evidence with plaintiff to determine whether [he] can proceed with this case in good faith," and informed plaintiff's counsel that "[p]ursuing litigation without evidentiary support for the allegations made may result in the

imposition of sanctions." (Doc. No. 53 at 9 n.3.) Accordingly, the March 24, 2020 order granting defendants' motion for summary judgment also ordered plaintiff's counsel "**to show cause . . . why sanctions should not be imposed given the clear lack of evidentiary support for plaintiff's allegations and the claims based thereon**." (Doc. No. 110 at 13 n.5.) Specifically, the order to show cause stated:

> If plaintiff's counsel takes the position that the video footage does not discredit plaintiff's version of the facts, he is directed to provide the court with exact timestamps from the body camera footage which purportedly show that: (1) "[t]he rangers *forced* Plaintiff's hands behind his back"; (2) plaintiff "complain[ed] of pain *for approximately a full hour*; and (3) "Plaintiff had no choice but to comply" with the rangers' request for his identification, because he was *coerced* into so doing.

(*Id.*)

On April 28, 2020, plaintiff's counsel responded to the court's March 24, 2020 order to show cause. (Doc. No. 120.) Therein, counsel argues that the imposition of sanctions is not warranted because he did not pursue plaintiff's claims without evidentiary support for the allegations. (*Id.* at 3.) Despite counsel's position that "[he] simply did not see the line drawn in the same place that the Court did" (*id.* at 12), the court remains completely convinced that "[plaintiff's] version of events is so utterly discredited by the record that no reasonable jury could [] believe[] him." (Doc. No. 110 at 12–13) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

Nevertheless, the court will exercise its discretion and elect not to impose sanctions against counsel here. In his opposition to defendants' motions for summary judgment, plaintiff's counsel argued that "[t]he rangers forced Plaintiff's hands behind his back *after* he continued to complain of pain . . . ." (Doc. No. 93 at 14.) In response to the pending order to show cause, plaintiff's counsel creatively suggests that his use of the word "forced" in this context is at least arguably open to interpretation:

> Plaintiff has never maintained that the rangers grabbed his arms and forced them behind his back when they first handcuffed him. Instead, Plaintiff's position has always been that the rangers forced his hands to continue to be handcuffed behind his back without any further adjustment or using a different method of detainment when Plaintiff continued to be in pain until approximately one hour later when Ranger Russell arrived and placed a belly chain on Plaintiff.

2

(Doc. No. 120 at 5.)  In this way, counsel now suggests that by using the word "forced" in this context, he was merely describing that plaintiff remained handcuffed behind his back despite complaining about pain.  The word counsel chose to use generally has a much different meaning, one more consistent with the nature of plaintiff's allegations underlying this action.  *See Forced*, Merriam-Webster.com (Apr. 21, 2020) ("done or produced with effort, exertions, or pressure").  Though not convinced that counsel's word choice here was entirely innocent, as he now insists, the court acknowledges that it is conceivable it was not made in bad faith or with intent to deceive.  Based on the explanation provided by counsel in response to the order to show cause, the court also finds that plaintiff's allegations and argument that he complained of pain for approximately a full hour and that he was coerced into providing his identification were not obviously made or advanced in bad faith.  Accordingly, here, too, the court will exercise its discretion in not imposing sanctions.

    Finally, the court notes that the analysis set forth in its order granting defendant's motion for summary judgment is completely unaffected by this order.

    For the reasons set forth above,

1. The March 24, 2020 order to show cause (Doc. No. 110 at 13 n.5) is hereby discharged; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 1, 2020**

                                                          UNITED STATES DISTRICT JUDGE